**GLOBE & RUTGERS FIRE INS. CO. et al. v. VIELE et al.**

Civ. No. 59–52.

United States District Court
D. Nebraska, Omaha Division.

April 1, 1953.

Pilcher & Haney, Omaha, Neb., for plaintiffs.

Monsky, Grodinsky, Good, & Cohen, Omaha, Neb., and Abel V. Shotwell, Omaha, Neb., for Henry Isadore Mann and Charles Mann.

Gross, Welch, Vinardi & Kauffman, Omaha, Neb., for Marie Viele et al.

Eugene D. O'Sullivan, Jr., Omaha, Neb., for George Anderson.

DONOHOE, Chief Judge.

This is a strict interpleader action filed pursuant to Section 1335 of Title 28 U.S.C.A. Plaintiffs have moved for a summary

judgment under rule 56 (a) and (c), Federal Rules of Civil Procedure, 28 U.S.C.A., on the ground that the pleadings show that they are entitled to judgment as a matter of law. · An examination of the pleadings discloses that the following facts are undisputed:

The five plaintiffs are insurance corporations. Three of them are citizens of the State of New York, one of the State of Ohio and one of England. Prior to February 3, 1952, these companies had issued to defendant, Charles Mann, a citizen of California, various policies of fire insurance in the total amount of $13,000 on a building and contents owned by defendant Charles Mann and located at 401 North 15th Street in Omaha, Nebraska. On February 3, 1952, this building and its contents were destroyed by fire.

On February 7, 1952, defendant Charles Mann executed an assignment of his rights under the hereinbefore mentioned insurance policies to defendant Henry Isadore Mann, a citizen of California. Since the validity of the assignment is one of the sharply contested issues presented by the pleadings, the court's reference to the execution of the assignment should not be construed as a determination, or even an indication, of its validity.

On February 13, 1952, defendant Marie Viele, in two actions in the District Court of Douglas County, Nebraska, Marie Viele, Special Administratrix of the Estate of George Thomas Brooks, Deceased, v. Charles Mann, Henry Isadore Mann, et al., Doc. 443, No. 40, and Marie Viele, Special Administratrix of the Estate of David Eugene Brooks, Deceased, v. Charles Mann, Henry Isadore Mann, et al., Doc. 443, No. 39, caused Orders of Garnishment before judgment to be served on plaintiffs herein based upon affidavits alleging that plaintiffs had property and effects of defendant Charles Mann in the form of money due under policies of fire insurance; that plaintiffs on March 1, 1952, filed answers in garnishment and on March 15, 1952, filed Applications for Release and Discharge from the garnishment; whereupon, on April 15, 1952, plaintiffs in both actions were released and discharged from said garnishment by Order of the Court; that on April 16, 1952, defendant Marie Viele, in both said cases, caused identical Orders of Garnishment to be served upon plaintiffs herein; that plaintiffs filed Answers in Garnishment on April 26, 1952; that on May 5, 1952, defendant Marie Viele, in both actions, filed an application for the determination of liability of the plaintiffs; that on May 16, 1952, plaintiffs filed an Application for Release and Discharge from the Orders of Garnishment; that on June 10, 1952, defendant Marie Viele, in both cases, caused identical Orders of Garnishment to be served upon plaintiffs herein, whereupon plaintiffs herein obtained leave of Court to answer on June 28, 1952.

On May 12, 1952, defendant George Anderson, in an action in the District Court of Douglas County, Nebraska, George Anderson, Plaintiff, v. Charles Mann, Henry Isadore Mann et al., Doc. 445, No. 31, caused Orders of Garnishment to be served upon plaintiffs herein based upon an affidavit to the effect that plaintiffs had property and effects of the defendant Charles Mann in the form of money due under policies of fire insurance; that plaintiffs filed Answers in Garnishment on May 16, 1952.

On July 22, 1952, plaintiffs filed this action in interpleader against all the defendants hereinbefore mentioned and paid into the registry of this court $13,000. Whereupon the court immediately issued an injunction restraining all the defendants from

"instituting or prosecuting or continuing to prosecute any proceedings in any state or United States court affecting"

the policies of fire insurance issued to the defendant Charles Mann. Defendants Marie Viele and George Anderson, in lawful respect to the injunction issued by this Court, discontinued prosecution of their garnishment proceedings in the District Court of Douglas County, Nebraska.

The foregoing factual matters affirmatively indicate that this is a proper case for interpleader in a Federal district court. All the requirements of Section 1335, Title 28 U.S.C.A., have been satisfied. Each of

the plaintiffs has issued an insurance policy having a value of $500 or more. An amount equal to the total value of all the policies has been paid into the registry of the court. There are at least four adverse claimants and since there is diversity of citizenship, within the meaning of Section 1332, Title 28 U.S.C.A., between at least two of them the co-citizenship of certain of the other rival claimants does not defeat jurisdiction. See 3 Moore's Federal Practice, 2d Ed., Sec. 22.09(3), p. 3033, n. 30. Finally the claims of the defendants are both adverse to and independent of one another.

■■ Although a debtor insurance company garnishee may interplead its garnishor with its creditor, such interpleader should not operate to frustrate or alter the rights of these claimants. Sanders v. Armour Fertilizer Works, 292 U.S. 190, 54 S. Ct. 677, 78 L.Ed. 1206. Prior to the filing of this interpleader action, the two Nebraska claimants filed independent tort actions in their state district court against the other two claimants who reside in California. At the same time garnishment proceedings were instituted in the same state court against the insurance companies, plaintiffs herein, pursuant to Sections 25–1001 and 25–1010 et seq., R.R.S. Neb. 1943, to obtain a lien upon the proceeds of the policies issued by the insurance companies to the alleged tort-feasors. Since the defendants reside in California and were not personally served with process in the state court tort actions a valid garnishment is essential to provide for the state court's jurisdiction of these actions. Salyers Auto Co. v. DeVore, 116 Neb. 317, 217 N.W. 94, 56 A.L.R. 594.

To elucidate, the state court's jurisdiction of the tort actions depends upon whether, and to what extent, the garnishee was indebted to the nonresident defendant at the time the orders of garnishment were served. Salyers Auto Co. v. DeVore, supra. In this connection it may be inferred from the pleadings that no proof of loss, as required by the policies, had been filed with the insurance company prior to the issuance of the orders in garnishment and this court has been unable to discover any Nebraska decision holding that such proof of loss either is, or is not, a necessary prerequisite to the existence of a garnishable debt of the insurance company in favor of the insured. Further, the authorities outside of Nebraska seem to be divided on this precise point. See 38 C.J.S., Garnishment, § 110b, p. 316; Annotation: 53 A.L.R. 724.

In any event, before the garnishment proceedings had advanced to that stage in which the state court makes a determination of the garnishee's liability, See R.S. Supp.Neb.1951, Sec. 25–1030.02, this court issued an injunction ordering the parties to suspend prosecution of their state court actions. Since garnishment and attachment are statutory remedies and "are what the state creating them declares them to be", the claimants should be left to proceed with the garnishment proceedings which they have already instituted in the state court. If by the service of the orders in garnishment the claimants, Viele and Anderson, obtained an incomplete or inchoate lien which had to be perfected by judgments against the garnishees, the insurance companies and the defendants, Charles and Henry Mann, See 38 C.J.S., Garnishment, § 181, p. 403, notes 5 to 8, inc., these claimants, Viele and Anderson, should be allowed to perfect such inchoate liens as they would have perfected them, "but for the injunction." Sanders v. Armour Fertilizer Works, supra [292 U.S. 190, 54 S.Ct. 680].

■ In authorizing the claimants to proceed with their state court garnishment proceedings, this court, of course, offers no opinion on the nature of the lien, if any, claimants acquired by service of the garnishment orders upon the insurance companies. This is peculiarly a matter of state law which the state courts are in a better position to determine than this court, and which this court, once a determination has been made by a state court, would ordinarily be required to follow. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L.Ed. 1188. It seems especially appropriate in the situation under consideration, where the substantive law of the State of Nebraska controls, and where this substantive law is to be derived from a recently enacted statute with few, if any,

892

interpretative decisions of Nebraska courts to rely upon,[1] that this court should withhold ruling on the matter until the state courts have had an opportunity to do so.

■ Once the parties have perfected whatever liens institution of the state court garnishment proceedings entitled them to in the fund which has been paid to the Clerk of this court, they may present these liens to this court for payment out of the fund in question. The ultimate distribution of the fund, and incidentally thereto the determination of the priority of liens in the fund, must be made by this court. Consequently the fund will be retained; however, the plaintiffs, since they will in all probability participate in the state court garnishment proceedings, will not be discharged at this time.

1. The provisional remedy for garnishment prior to judgment in aid of acquiring jurisdiction was substantially changed in

Nebraska in 1951. See R.S.Supp.1951, Sec. 25–1010.